UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>GMG CAPITAL PARTNERS III, L.P.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 13-12-937 (SMB)<br><br>(Supplemental Motion for Joint Administration Pending) |
| In re:<br><br>GMG CAPITAL INVESTMENTS, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 13-     (SMB) |
| In re:<br><br>GMS CAPITAL PARTNERS II, L.P.,<br><br>Debtor. | Chapter 11<br><br>Case No. 13-     (SMB) |

SUPPLEMENTAL DECLARATION OF JEFFREY GILFIX PURSUANT
TO RULE 1007-2 OF THE LOCAL BANKRUPTCY RULES
FOR THE SOUTHERN DISTRICT OF NEW YORK

I, Jeffrey Gilfix, hereby supplement and declare, pursuant to section 1746 of title 28 of the United States Code, as follows:

1. This declaration (the "Supplemental Declaration") supplements my declaration dated as of September 10, 2013 (the "Gilfix Declaration")[2] [ECF Doc #3] filed in the chapter 11

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: (i) GMG Capital Partners III, L.P. (9146), (ii) GMG Capital Partners III Companion Fund, L.P. (0603), (iii) GMG Capital Investments, LLC (9144), and (iv) GMS Capital Partners II, L.P. (8938).

2375783-1

cases of GMG Capital Partners III, L.P. and GMG Capital Partners III Companion Fund, L.P. (together, the "Original Debtors") who are affiliates of GMG Capital Investments, LLC and GMS Capital Partners II, L.P. (together, the "New Debtors," and collectively with the Original Debtors, the "Debtors").

2. Paragraph 7 of the Gilfix Declaration references a judgment against the Original Debtors and certain of their affiliates. Those affiliates are the two New Debtors. The New Debtors have no assets of monetary value. Specifically, New Debtor GMS Capital Partners II, L.P.'s assets consists of two investments which the Debtors carry at a zero value in their books. Meanwhile, New Debtor GMG Capital Investments, LLC is the general partner of the three remaining Debtors, but its partnership interests have no equity stake, and thus, no value. Nonetheless, in the wake of the chapter 11 filings of the Original Debtors, Athenian had continued to pursue post-judgment discovery against the New Debtors, including seeking civil contempt sanctions. That pursuit will now be under this Court's jurisdiction.

3. Moreover, through the Supplemental Declaration, I wish to correct and clarify the nature of the money judgment, for which each of the Debtors are jointly and severally liable, referenced in paragraph 7 of the Declaration. Specifically, the money judgment awards Athenian $15,000 a month, beginning as of January 1, 2008 over a 33 year period until the principal amount of $6 million has been paid. Of that amount, as of June 21, 2013, approximately $1 million was due and payable. In addition, approximately $1.3 million in accrued interest and attorney fees were due and payable as of such date. Therefore, as the total amount due as of the Petition Date was approximately $7.3 million (plus certain fees, interest and penalties accruing since June 21, 2013), of which approximately $2.3 million was then due and payable.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Gilfix Declaration.

2375783-1

4.  I hereby declare under the penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Dated: November 13, 2013
New York, New York

                                                          _____
                                                          Jeffrey Gilfix
                                                          Chief Operating Officer
                                                          GMG Capital Investments, LLC

2375783-1